**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
TRUSTEES OF EMPIRE STATE
CARPENTERS ANNUITY,
APPRENTICESHIP, LABOR-MANAGEMENT    ADOPTION ORDER
COOPERATION, PENSION AND WELFARE    15-CV-5689 (ADS)(AYS)
FUNDS,

                 Petitioner,

       -against-

CLOVER CONSTRUCTION OF NY,

                Respondent.
----------------------------------------------------------X

**APPEARANCES:**

**Virginia & Ambinder, LLP**
*Attorneys for the Plaintiff*
40 Broad Street, 7th Floor
New York, NY 10004
       By: Charles R. Virginia, Esq.
            Elina Burke, Esq.
            Nicole Marimon, Esq., Of Counsel

**SPATT, District Judge**.

       On October 1, 2015 the Petitioners Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds (the "Petitioners") commenced this action pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132; Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, seeking to confirm an August 26, 2015 Collection Award (the "Award") and Order rendered pursuant to a collective bargaining agreement between the Northeast Regional Council of Carpenters and Respondent Clover Construction of NY (the "Respondent").

1

On November 12, 2015, the Petitioners moved for a default judgment, or alternatively to confirm the Award.

On November 13, 2015, the Court referred the Petitioners' motion to United States Magistrate Judge Anne Y. Shields for a recommendation as to whether the default judgment should be granted and, if so, whether damages should be awarded.

On August 17, 2016, Judge Shields issued a report (the "R&R") recommending that judgment be entered against Respondent as follows: (1) confirming the arbitration award and awarding Petitioners $3,389.06; and (2) awarding Petitioners $1192.89 in attorneys' fees and costs arising out of this action.

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Clerk of the Court is directed to enter judgment against the Respondent and for the Petitioners in accordance with the R&R, and to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
September 30, 2016

                                         *Arthur D. Spatt*
                                         ARTHUR D. SPATT
                                       United States District Judge